UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius Washington, | ) C/A No. 4:16-17-PMD-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Leroy Cartledge, | ) |
| Respondent. | ) |

Petitioner Cornelius Washington, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). Petitioner has filed a previous § 2254 petition in this Court challenging the conviction and sentence challenged herein. Summary judgment in favor of respondent was entered by the District Court on March 29, 2010, and the previous petition was dismissed. See C/A No. 4:08-4052–PMD. The instant Petition is therefore successive, and is presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition. This Petition is therefore subject to summary dismissal.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: Denton v.

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir.1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). This Court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Even under this less stringent standard, however, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990).

## BACKGROUND AND DISCUSSION[2]

Petitioner was indicted at the December, 2002 term of Court of General Sessions for Charleston County for murder (2002-GS-10-7715) of Roy Cotman. On August 28, 2003, Petitioner was found guilty by a jury of murder, as indicted. He was sentenced to life imprisonment. Petitioner filed a timely notice of appeal. The South Carolina Court of Appeals issued an Opinion on October

---

[2]This Court may take judicial notice of the filings in Petitioner's prior § 2254 case, (4:08-cv-4052-PMD) including the Report and Recommendation filed February 3, 2010, which sets forth certain relevant facts related to Petitioner's 2003 state court convictions. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970)

17, 2005, in which it affirmed Petitioner's convictions and sentence. *State v. Washington*, Op. No. 4033, 367 S.C. 76, 623 S.E.2d 836 (S.C. Ct. App., Oct. 17, 2005). Petitioner filed a Petition for Rehearing, which was denied. Petitioner filed a Petition for Writ of Certiorari on April 21, 2006, which was granted in part. On August 4, 2008, the South Carolina Supreme Court entered its opinion affirming the conviction and court of appeals decision, as modified. *State v. Cornelius Washington*, Op. No. 26526, 379 S.C. 120, 665 S.E.2d 602 ( S.C.S.Ct. August 4, 2008). The petitioner sought rehearing, but the request was denied and on September 4, 2008, the remittitur was entered by the South Carolina Supreme Court. The Petitioner made an application for post-conviction relief in Charleston County which was still pending at the time his initial Section 2254 petition was adjudicated.[3]

As noted above, Petitioner has filed a prior § 2254 habeas corpus action in this Court. This Court may take judicial notice of Petitioner's prior § 2254 cases. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). As to Petitioner's prior challenge to this conviction and sentence, a Report and Recommendation was entered on February 3, 2010 that Respondent's motion for summary judgment

---

[3]In the earlier case, Respondent conceded that Petitioner had exhausted his state remedies on the three particular claims he raised in his initial Petition. However, Respondent noted for the record that Petitioner was at risk under the successive petition rules of precluding further federal habeas corpus consideration concerning any claim that he was asserting in his pending state PCR action. Petitioner was warned in an Order dated February 13, 2009,that if he proceeded with his habeas corpus case, the successive petition statute and Rule 9 may bar any subsequent habeas corpus action that might raise any of the grounds being litigated in his pending post-conviction case. *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner proceeded with his initial petition. As an aside, it appears that Petitioner's PCR has been fully litigated as of June 19, 2012. See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2007CP1000733&CaseType=V.

be granted, and that the case be dismissed. C/A No. 4:08–4052–PMD. The District Judge adopted the Report and Recommendation by Order dated March 29, 2010.

The standard for determining whether a petition is successive appears in <u>Slack v. McDaniel</u>, 529 U.S. 473, 485–489, 120 S.Ct. 1595, 146 L.Ed.2d 542 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). <u>See Harvey v. Horan</u>, 278 F.3d 370 (4th Cir.2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive) (abrogated on other grounds, <u>Skinner v. Switzer</u>, –––U.S. –––, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). While a dismissal for failure to exhaust administrative remedies is not an adjudication "on the merits," the previous petition was dismissed with prejudice as summary judgment on the merits was entered in favor of respondent. Accordingly, the instant Petition is successive.

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. <u>See Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. <u>See In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending

judicially constructed limits on the consideration of second and successive applications for collateral relief. See Felker v. Turpin, 518 U.S. 651, 657 (1996).

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. See In re Vial, 115 F.3d at 1194.[4] The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

The Petition filed in this case should be dismissed as successive because Petitioner's procedural history in this Court, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his 2003 murder conviction. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the successive Petition now under review, this court does not have jurisdiction to consider it and it is subject to summary dismissal. See United States v. Winestock, 340 F.3d 200, 205-06 (4th Cir. 2003); Moody v. Maynard, 105 F. App'x 458, 464-65 (4th Cir. 2004).

---

[4] With authorization, Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(I) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice, as successive and unauthorized, and without requiring the Respondents to file a return.

**IT IS SO ORDERED**.

                                            s/ Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

March 9, 2016
Florence, South Carolina

Petitioner's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).